RK

June 14, 2019

Cancellation No. **92064830**

*Laverne J. Andrusiek*

*v.*

*Cosmic Crusaders LLC*

**Yong Oh (Richard) Kim, Interlocutory Attorney:**

The Board addresses whether a witness located in the United States whose testimony is presented by affidavit or declaration under Trademark Rule 2.123(a)(1), 37 C.F.R. § 2.123(a)(1), may be cross-examined by written questions. The Board holds that Rule 2.123(a)(1) permits only oral cross-examination of such a witness.

Background

On October 9, 2018, the Board held a telephone conference with the parties concerning Petitioner's renewed motion to strike the written testimony of Respondent's witness Alex Wadsworth. Upon the Board's denial of the motion, Petitioner stated his intention, pursuant to Trademark Rule 2.123(a)(1), 37 C.F.R. § 2.123(a)(1), to cross-examine Mr. Wadsworth, who is located in the United States, upon written questions. Respondent objected to this means of cross-examination.

On October 24, 2018, Petitioner moved for leave to take the cross-examination of Mr. Wadsworth and Lewis Davidson[1], both located in the United States, on written questions.[2] As the primary reason for his request, Petitioner points to the expense and inconvenience of conducting oral cross-examinations of Respondent's witnesses, considering that Messrs. Wadsworth and Davidson "have Tampa Florida addresses" while "Petitioner's address is across the nation in the Pacific Northwest's Washington state."[3]

---

[1] Mr. Davidson is a second fact witness whose testimony Respondent introduced by way of declaration.

[2] As part of his motion, Petitioner maintains that Respondent's testimonial declarations served on March 30, 2018, should be stricken for failing to comply with the service requirements of Trademark Rule 2.119, 37 C.F.R. § 2.119. This issue was previously addressed by the Board in its order of September 18, 2018, see 26 TTABVUE 2 n.2, through which Petitioner was provided with additional notice of, as well as electronic links to, the testimonial declarations, notwithstanding that Petitioner was already aware of and had the opportunity to review the declarations. This was sufficient to address the defect in service and any prejudice resulting therefrom. Accordingly, Petitioner has no basis to continue to object to the declarations based on a failure to comply with Trademark Rule 2.119(a). Petitioner's request to strike the testimonial declarations for improper service is, therefore, **DENIED with prejudice**.

Petitioner has also objected to Respondent's second amended pretrial disclosures served on October 3, 2018, see 29 TTABVUE, Appendix B. Petitioner objects that the disclosures refer to Fed. R. Evid. 702, which relates to expert testimony, despite Respondent's earlier clarification as to its first amended pretrial disclosures that the reference to the rule was in error and none of its disclosed witnesses were experts. 20 TTABVUE, Appendix F. While Respondent should have removed the erroneous reference to Rule 702 in its second amended pretrial disclosures, the reference is harmless and will not void the disclosures or any of the testimony referenced therein. *Cf. Cadbury UK Ltd. v. Meenaxi Enter., Inc.*, 115 USPQ2d 1404, 1407-08 (TTAB 2015) ("The Board expects each party to every case to use common sense and reason when faced with what the circumstances clearly show to be a typographical error [and] will not require the Board's intervention to correct the mistake.").

[3] 29 TTABVUE 4-5. Pursuant to Trademark Rule 2.123(c), oral depositions of domestic witnesses may be noticed for any reasonable time and place in the United States. Where a party seeks to take the oral cross-examination of an affiant or declarant witness, the Board ordinarily finds the vicinity of the witness's place of business or domicile to be a reasonable

Respondent opposed the motion on grounds that Trademark Rules 2.123 and 2.124, 37 C.F.R. §§ 2.123 and 2.124, do not provide for cross-examination on written questions of testimonial declarants located in the United States, instead requiring Petitioner to conduct any potential cross-examination of Respondent's witnesses orally.[4]

Analysis

Trademark Rules 2.123(a)(1) and (a)(2) provide as follows:

(a)(1) The testimony of witnesses in inter partes cases may be submitted in the form of an affidavit or a declaration pursuant to § 2.20 and in conformance with the Federal Rules of Evidence, filed during the proffering party's testimony period, subject to the right of any adverse party to elect to take and bear the expense of oral cross-examination of that witness as provided under paragraph (c) of this section if such witness is within the jurisdiction of the United States, or conduct cross-examination by written questions as provided in § 2.124 if such witness is outside the jurisdiction of the United States, and the offering party must make that witness available; or taken by deposition upon oral examination as provided by this section; or by deposition upon written questions as provided by § 2.124.

(2) Testimony taken in a foreign country shall be taken: by deposition upon written questions as provided by § 2.124, unless the Board, upon motion for good cause, orders that the deposition be taken by oral examination, or the parties so stipulate; or by affidavit or declaration, subject to the right of any adverse party to elect to take and bear the expense of cross-examination by written questions of that witness. If a party serves notice of the taking of a testimonial deposition upon written questions of a witness who is, or will be at the time of the deposition, present within the United States or any territory which is under the control and jurisdiction of the United States, any adverse party may, within twenty days from the date of service of the notice, file a motion

---

place for cross-examination. *See U.S. Postal Serv. v. RPost Commc'n Ltd.*, 124 USPQ2d 1045, 1047 n.2 (TTAB 2017).

[4] 31 TTABVUE.

3

with the Trademark Trial and Appeal Board, for good cause, for an order that the deposition be taken by oral examination.

Thus, a party may, during its testimony period, take the testimony of a witness: (1) by affidavit or declaration under Trademark Rule 2.20; (2) by deposition upon oral examination as provided under Trademark Rule 2.123; or (3) by deposition upon written questions as provided under Trademark Rule 2.124. *See* Trademark Rule 2.123(a)(1). Should the witness be located in a foreign country, the taking of testimony is limited to either a testimonial affidavit/declaration or a deposition upon written questions (unless the parties stipulate to or there is good cause for oral examination). *See* Trademark Rule 2.123(a)(2).

Where, as here, testimony is presented by affidavit or declaration, Trademark Rules 2.123(a)(1) and (a)(2) make clear that the methods of cross-examination permitted depend on where the witness is located. "[I]f such witness is within the jurisdiction of the United States," any adverse party may "take … oral cross-examination of that witness ...." Trademark Rule 2.123(a)(1). "[I]f such witness is outside the jurisdiction of the United States," any adverse party may "conduct cross-examination by written questions as provided in § 2.124 ...." *Id.*

Subsection (a)(2) confirms this dichotomy. It provides that "[t]estimony taken in a foreign country shall be taken: by deposition upon written questions as provided by § 2.124, unless the Board, upon motion for good cause, orders that the deposition be taken by oral examination, or the parties so stipulate; or by affidavit or declaration, subject to the right of any adverse party to elect to take and bear the expense of cross-examination *by written questions* of that witness." Trademark Rule 2.123(a)(2)

4

(emphasis added). In addition, subsection (e)(1) provides that "[w]hen testimony is proffered by affidavit or declaration, every adverse party will have the right to elect oral cross-examination of any witness within the jurisdiction of the United States" and that "examination of witnesses outside the jurisdiction of the United States" will be conducted in accordance with Trademark Rule 2.124, which concerns depositions upon written questions.

Contrary to Petitioner's argument, Trademark Rule 2.124(b)(3)[5] is not a provision that generally allows cross-examination upon written questions to be conducted of any witness, including those located in the United States. While Trademark Rule 2.124 sets forth the procedures governing depositions upon written questions, it does not set forth the circumstances under which depositions upon written questions may occur. That is left to Trademark Rule 2.123(a). The Board reads Trademark Rule 2.124 in a manner that does not conflict with Trademark Rule 2.123.

Decision

Trademark Rule 2.123(a)(1) permits an affiant or declarant witness located in the United States to be cross-examined only by oral examination. Petitioner's motion to take the cross-examination of Respondent's witnesses located within the United States upon written questions is **DENIED**.

---

[5] Trademark Rule 2.124(b)(3), 37 C.F.R. § 2.124(b)(3), provides that "[a] party desiring to take cross-examination, by written questions, of a witness who has provided testimony by affidavit or declaration shall serve notice thereof upon each adverse party and shall file a copy of the notice, but not copies of the questions, with the Board."

Although Petitioner must take the cross-examinations he seeks by oral examination, the Board's rules do not mandate that such examination be in person. Oral cross-examination may be conducted by telephone or other remote means should the parties so stipulate or upon motion for good cause. *See* Fed. R. Civ. P. 30(b)(4).[6] Since "[n]othing in the language of Rule 30 requires a showing of necessity, financial inability or other hardship to obtain an order to proceed via telephone, … leave to take telephonic depositions [is] liberally granted in appropriate cases." *Hewlett-Packard Co. v. Healthcare Pers. Inc.*, 21 USPQ2d 1552, 1553 (TTAB 1991); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 703.01(h) (2018). Petitioner has identified the travel and accommodation costs associated with an in-person cross-examination as one of the primary reasons for his seeking to take cross-examination upon written questions.[7] Rather than further delay this matter, the Board has construed Petitioner's motion as, alternatively, seeking leave to take oral cross-examination by telephone or other remote means. Since it is Respondent who has insisted on oral cross-examination, the Board sees neither harm nor prejudice to Respondent in permitting Petitioner to conduct such cross-examination by remote means should Petitioner elect to do so.

Petitioner should note, however, that while Respondent bears the expense of producing its witnesses, Petitioner must schedule and bear the expense of the court

---

[6] Trademark Rule 2.116(a), 37 CFR § 2.116(a), provides that "[e]xcept as otherwise provided, and wherever applicable and appropriate, procedure and practice in inter partes proceedings shall be governed by the Federal Rules of Civil Procedure.

[7] 29 TTABVUE 4-5.

reporter.[8] *See Barclays Capital Inc. v. Tiger Lily Ventures Ltd.*, 124 USPQ2d 1160, 1166-67 (TTAB 2017); MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES, 81 Fed. Reg. 69950, 69964 (Oct. 7, 2016) (Notice of Final Rulemaking). Any redirect or recross examination will be taken at the same time as the oral cross-examination. *Id*.

Petitioner is allowed until **TWENTY DAYS** from the mailing date of this order to serve and file notice of his election to take oral cross-examination of Respondent's witnesses. Should he elect to do so, the cross-examinations must be completed within thirty days of service of the notice of election. *See* Trademark Rule 2.123(c).

Proceedings remain otherwise **SUSPENDED**. The remaining schedule, beginning with the deadline for Petitioner's rebuttal disclosures, will be reset in accordance with whether Petitioner elects to proceed with cross-examination.

\* \* \*

---

[8] Domestic depositions in a Board proceeding are generally taken before a court reporter authorized to administer oaths in the jurisdiction where the deposition is taken. *See* Trademark Rule 2.123(d) and Fed. R. Civ. P. 28(a). It is worth noting that Petitioner would bear these same expenses with a cross-examination on written questions. Whether the cross-examination is conducted orally or upon written questions, both procedures require a court reporter or other officer to swear in the witness, record the answers and to create a written transcript of the examination. *See* Trademark Rules 2.123(e) and 2.124(e); Fed. R. Civ. P. 28. In the case of written questions, the court reporter or other officer designated in the notice of examination will read the cross-examination questions to the witness and record the answers for later creation of a written transcript. *See* Trademark Rule 2.124(e); TBMP § 703.02(g).

It should be further noted that there is more than one way to challenge testimony by declaration. Failure to seek cross-examination of Respondent's declarant does not preclude Petitioner from submitting a rebuttal declaration during his rebuttal testimony period, or arguing in his brief that Respondent's declarations are inconsistent, lack corroborative detail, or otherwise merit little evidentiary weight.